UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MURPHY, ) | Civil No. 10cv2513-L(JMA) |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION TO DISMISS** |
| v. ) | |
| ) | |
| STEPHENS & MICHAELS ) | |
| ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this fair debt collection practices action, Plaintiff claims, among other things, that Defendant repeatedly contacted her ex-boyfriend in an attempt to collect her alleged debt, that Defendant continued this practice even after contacting Plaintiff directly, and that Defendant failed to respond to two letters requesting verification of Plaintiff's debt. In her operative first amended complaint, she alleged that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("Rosenthal Act"). Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff did not allege sufficient facts to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). For the reasons which follow, Defendant's motion is **DENIED**.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To avoid dismissal under Rule 12(b)(6), a plaintiff

1  must aver in his complaint 'sufficient factual matter, accepted as true, to state a claim to relief
2  that is plausible on its face.'" *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009), quoting
3  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In this regard, the pleading standard of Rule
4  8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to
5  relief."  Fed. R. Civ. Proc. 8(a)(2).  The requisite "showing" is not just "a blanket assertion[] of
6  entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).  Factual
7  allegations in the complaint must provide fair notice of the nature of the claim and grounds on
8  which the claim rests.  *Id*.  As long as the complaint meets this standard, it need not include the
9  facts necessary to carry the plaintiff's burden, *Al-Kidd*, 580 F.3d at 977, or detailed factual
10 allegations, *Twombly*, 550 U.S. at 555.

11       Plaintiff alleges a factual basis for relief she seeks under the FDCPA and the Rosenthal
12 Act.  Defendant argues that she did not allege facts showing that Defendant does not fall into any
13 of the exceptions to the definition of a "debt collector" under the two statutes and that she did
14 not allege the type of debt Defendant is attempting to collect.  Both of the foregoing are facts
15 within Defendant's knowledge.  With respect to the type of debt Defendant is attempting to
16 collect, Plaintiff, prior to filing this action, Plaintiff requested Defendant to "send her details
17 regarding the alleged debt via mail."  (First Am. Compl. at 3.)  *See* 15 U.S.C. § 1692g(a).  After
18 Defendant failed to provide the requested information, Plaintiff's counsel, prior to filing this
19 action, twice sent a letter to Defendant requesting verification of the alleged debt, but Defendant
20 did not respond to either letter.  (*Id*.)  Having failed to provide Plaintiff with the requisite
21 information regarding the debt, Defendant cannot complain that Plaintiff did not sufficiently
22 allege it.  Moreover, whether Defendant falls within an exception to the "debt collector"
23 definition under 15 U.S.C. Section 1692a is an affirmative defense.  *See Fox v. Citicorp Credit*
24 *Serv., Inc.*, 15 F.3d 1507, 1511-12 (9th Cir. 1994).  The burden of pleading affirmative defenses
25 is on the defendant, not the plaintiff.  *See* Fed. R. Civ. Proc. 8(c); *see also Jones v. Bock*, 549
26 U.S. 199, 212-13 (2007).
27 / / / / /
28 / / / / /

Based on the foregoing, Plaintiff sufficiently alleged her claims to comply with Rule 8(a)(2).  Defendant's motion to dismiss is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: April 18, 2011

                                                                     _____
                                                                     M. James Lorenz
                                                                     United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL